**STATE of Tennessee, Appellee,**

v.

**Edward NORFLEET, Jr., Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

June 24, 1987.

Ann Lacy Johns, Asst. Atty. Gen., Jerry Kitchen, Asst. Dist. Atty. Gen., for appellee.

W. Mark Ward, Memphis, for appellant.

OPINION

BIRCH, Judge.

The defendant, Edward Norfleet, Jr., was convicted by a jury of the offense of robbery, and was sentenced by the trial judge as a Range II persistent offender to a term of thirteen years. Our review is limited to the length of the sentence.

In the early morning hours of September 10, 1985, John James, a clergyman, was

walking in the area of Danny Thomas Boulevard and Poplar Avenue in Memphis. He had visited with friends and was returning to the revival tent. Becoming somewhat confused, he asked a passer-by, Edward Norfleet, for directions to a public telephone. The defendant was most solicitous, and set out with Rev. James ostensibly to find a telephone. While walking the defendant pushed Rev. James between two buildings and demanded his money. The defendant took about three dollars from him. Believing that Rev. James was using his shoe as a secret repository for money, the defendant forced him to remove it for inspection. It proved to be no hiding place.

Rev. James promptly complained to a passing police officer and Norfleet was swiftly apprehended. He was quickly identified by Rev. James. Two one-dollar bills and $2.89 in change were removed from the defendant upon his arrest.

Although the defendant does not contest its sufficiency the evidence of the defendant's guilt in this case is much more than would satisfy the standard mandated in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and Tennessee Rules of Appellate Procedure 13(e).

### LENGTH OF SENTENCE

This challenge to the length of sentence requires us to conduct a *de novo* review which must be accomplished on the record without a presumption of correctness. Tennessee Code Annotated § 40–35–402 (1982). This *de novo* review must include a consideration of the following:

1. The evidence, if any, received at the trial and sentencing hearing;

2. The pre-sentence report;

3. The principles of sentencing and arguments as to sentencing alternatives;

4. The nature and characteristics of the criminal conduct involved;

5. The evidence and information offered by the parties on the mitigating and enhancement factors enumerated in Tennessee Code Annotated §§ 40–35–110 and 40–35–112 (1982);

and

6. Any statement the defendant wishes to make in his own behalf about sentencing. (*See generally*, Tennessee Code Annotated § 40–35–210 (1982).)

We have before us a man of thirty years whose involvement in the justice system began as a fourteen year old. He has continued on this course without significant interruption. He was committed to the Department of Corrections as a juvenile, to the Lake County Regional Facility, and to the Shelby County Correctional Center. Though denying some of the convictions, the defendant has stipulated his status as a persistent offender as alleged in the enhancement notice filed by the state. Because of this stipulation, we need not set out the defendant's criminal record item by item. It is sufficient to say that the record is extensive.

From a careful consideration of the record, the only mitigating factor we have found is that Norfleet caused no physical injury to the victim. The trial judge apparently recognized this, and stopped short of the maximum Range II sentence.

We have conducted a *de novo* review of the record. We have weighed the factors in mitigation and in enhancement. We have weighed and balanced the defendant's conduct according to *State v. Moss*, 727 S.W.2d 229 (Tenn.1986).

The findings of the trial judge are clearly supported by the record. We conclude that the sentence of thirteen (13) years for robbery is entirely appropriate. We agree with the sentence imposed and affirm the judgment.

DWYER and DAUGHTREY, JJ., concur.